UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCEL ANTHONY SALLIS,<br><br>                  Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                  Defendant. | Case No. 3:13-cv-05715-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings to develop the record regarding the limitations caused by plaintiff's seizure disorder and, if appropriate, to obtain additional information from a vocational resource.

FACTUAL AND PROCEDURAL HISTORY

On August 17, 2010, plaintiff protectively filed an application for disability insurance benefits, alleging disability as of April 2, 2008, due to seizures, back problems, post traumatic stress disorder and headaches. See Administrative Record ("AR") 185-86, 214-23. Plaintiff's application was denied upon initial administrative review and on reconsideration. See AR 112-

ORDER - 1

14, 120-21.  A hearing was held before an administrative law judge ("ALJ") on April 5, 2012, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert ("VE") Steve Duchesne. See AR 33-93.

On May 17, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 10-32.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 22, 2013, making the ALJ's decision defendant's final decision. See AR 1-3; see also 20 C.F.R. § 404.981.   On August 28, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  See Dkt. No. 3.  The administrative record was filed with the Court on November 5, 2013.  See Dkt. No 11.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings because the ALJ erred: (1) in assessing whether plaintiff's seizure disorder met or medically equaled the severity of Listings 11.02 and 11.03; (2) in assessing plaintiff's credibility; (3) in assessing plaintiff's residual functional capacity; (4) in rejecting the lay witness evidence in the record; and (5) in finding plaintiff capable of performing other jobs existing in significant numbers in the national economy.

The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports"

ORDER - 2

that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.      The ALJ's Assessment of Plaintiff's Residual Functional Capacity

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

Plaintiff argues that the ALJ erred in assessing his residual functional capacity ("RFC") when the ALJ failed to include various seizure related limitations, including no driving. Dkt. No. 17, pp 8-9. A prohibition on driving is significant because it would impact plaintiff's ability to perform one of the occupations, automobile detailer, relied on by the ALJ at step five of the sequential disability evaluation process. See AR 26. The VE testified that the occupation of automobile detailer required an individual to move cars. AR 88.

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.

Plaintiff argues that the medical evidence documents that he is unable to drive a car due to his seizure disorder. Dkt. No. 17, pp 8, 16. Plaintiff was instructed multiple times by his treating physicians not to operate a motor vehicle within six months of a seizure. See AR 497,

ORDER - 4

610, 671, 679-81, 816-20, 905, 909, 923, 927, 929, 931, 934.  In March 2012, plaintiff's treating neurologist Daniel E. Major, MD, PhD, opined that plaintiff had "a clinically diagnosed, medically intractable seizure disorder…", and recommended that plaintiff's driving prohibitions remain in effect.  AR 922-23.   The ALJ did not address this evidence in the decision.

The Commissioner "may not reject 'significant probative evidence' without explanation." Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." Flores, 49 F.3d at 571.  Here, the ALJ failed to provide any reasons for disregarding the recommendations of plaintiff's treating physicians that plaintiff not operate a motor vehicle.  As discussed previously, the evidence of plaintiff's driving restrictions is significant because a prohibition on driving would impact plaintiff's ability to perform the occupation of automobile detailer, which was relied on by the ALJ at step five.  See AR 26, 88.   For this reason, the ALJ's RFC finding was not based on substantial evidence in the record and should be reversed.  See Hoffman, 785 F.2d at 1425; see also Richardson, 402 U.S. at 401.

II.     The ALJ's Findings at Step Five

Plaintiff also argues that the ALJ erred at step five of the sequential disability evaluation process by failing to meet his burden to prove that plaintiff could perform other work that exists in substantial numbers in the national economy.  Specifically, plaintiff argues that because the VE misidentified two of the occupations relied on by the ALJ, hand packer and caretaker, it is not possible to determine whether these occupations exist in substantial numbers.   Dkt. No. 17, pp 14-15.

ORDER - 5

If a claimant cannot perform his past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000). The Commissioner has the burden of proof at this fifth step. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step five that plaintiff had the capacity to perform the occupations of hand packager, caretaker, and automobile detailer. As defendant concedes, the VE incorrectly identified the Dictionary of Occupational Titles (DOT) numbers for the hand packager and caretaker occupations. Dkt. No. 18, p 10; see AR 86-87. Defendant argues this error was harmless because it was clear which occupations the VE had in mind. Dkt. No. 18, p 10.

This Court disagrees. Although it may have been clear from the VE's testimony which occupations the VE had in mind, it was not also clear that the occupations existed in substantial numbers in the national economy. Although the VE provided testimony regarding the numbers of jobs, it is not possible to determine which occupations the jobs numbers corresponded to- the occupations relied on by the ALJ or the occupations identified by the DOT numbers provided by the VE. AR 25-26. As such, the ALJ did not meet his burden to prove that the occupations of hand packager and caretaker exist in substantial numbers in the national economy. See Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520(d), (e). Similarly, as discussed previously, because the ALJ did not properly address plaintiff's driving restrictions in the decision, the ALJ did not meet his burden to prove that plaintiff was capable of performing the occupation of automobile

ORDER - 6

detailer. Id. As such, the ALJ's decision is not free of legal error or supported by substantial evidence. See Hoffman, 785 F.2d at 1425.

For these reasons, the ALJ's decision is reversed and remanded for further administrative proceedings. Such proceedings are necessary to develop the record regarding the limitations and restrictions caused by plaintiff's seizure disorder and, as appropriate, to obtain additional information from a vocational resource.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 22nd day of May, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7